IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: | C. R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2187 |

THIS DOCUMENT RELATES TO:

*Gillogly, et al. v. C. R. Bard, Inc., et al.*          Civil Action No. 2:12-cv-01714

MEMORANDUM OPINION & ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice [ECF No. 13] filed by C. R. Bard, Inc. ("Bard"). The plaintiffs have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, the Motion is **DENIED**.

I. Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the six remaining active MDLs, there are nearly 17,000 cases currently pending, approximately 1600 of which are in the Bard MDL, MDL 2187.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, the court placed this and other cases in Bard Wave 7. Pretrial Order ("PTO") # 275 [ECF No. 5124], *In re: C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-02187, http://www.wvsd.uscourts.gov/MDL/2187/orders.html.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 275, for example, provides that each plaintiff in Wave 7 must submit a completed Plaintiff Fact Sheet ("PFS") to defendants by March 19, 2018. PTO # 275, at 2. Bard asserts that the plaintiffs did not comply with PTO # 275 in that they failed to submit a completed PFS. On this basis, Bard now seeks dismissal of their case with prejudice.

## II. Discussion

Pursuant to PTO # 275, each plaintiff in Wave 7 was ordered to complete and serve a PFS on defendants by March 19, 2018. PTO # 275, at 2. According to Bard, the plaintiffs failed to submit a PFS within the court-ordered deadline. Bard notified plaintiffs' counsel of this failure on March 22, 2018, and requested that the plaintiffs provide a completed PFS by March 27, 2018. Def.'s Mem. of Law in Supp. of Mot. to Dismiss with Prejudice 2–3 [ECF No. 14]. Plaintiffs' counsel never responded to Bard's request. As of the date of its Motion (April 25, 2018), Bard asserts that it still has not received a PFS from plaintiffs' counsel. *Id.* at 3.

The plaintiffs have not responded to Bard's motion to dismiss. However, the docket report for this case indicates that the plaintiffs filed what appears to be a

substantially complete PFS on June 3, 2017. [ECF No. 10]. Bard does not address this previously filed PFS in its Motion.

Based on the plaintiffs' previously filed PFS, which is available to defense counsel, I **FIND** that dismissal of the plaintiffs' case with prejudice is unwarranted.

### III. Conclusion

It is **ORDERED** that the Defendant's Motion to Dismiss with Prejudice [ECF No. 13] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 12, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3